JACK SULLIVAN V. THE STATE.

No. 16167.   Delivered October 11, 1933.
Reported in 63 S. W. (2d) 704.

The opinion states the case.

*Benjamin Kucera,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, seventeen years in the penitentiary.

Appellant was positively identified as the man who got into the car of J. W. Harris in Lubbock, Texas, in the daytime while Harris was waiting on a red light.   Harris said appellant "Pushed a gun in my stomach and said 'Drive on Buddy.' " Harris drove on, and presently asked appellant if what he wanted was his money.   Appellant told Harris to get out of the car, and continued to hold the gun on him while he walked around the car, and pointed the gun at him through the back window after Harris left the car.   Appellant took the car and left with it.   Later he was seen by other parties in possession of a car that answered the general description of the car appellant took from Harris.   The car was found by Harris later in another town.   Appellant's only defense was an alibi testified to by several witnesses.   The reconcilement of conflicts between the testimony of the state and the defense is a question for the jury, and in this case they have seen fit to accept the testimony of the state, and have returned a verdict in accordance therewith.

We find in the record no statement of facts or complaint of any matter of procedure, except that in his brief appellant vigorously urges that the court was in error in a part of his sentence, pointed out in the brief. We are in accord with appellant's contention that said part of the sentence was erroneous, but do not agree that it was so wrong as to call for a reversal of the case. There was no testimony in the case showing that appellant had ever been convicted for any other offense, but for some reason the trial court incorporated in his sentence the following statement: "This sentence is to be cumulative of any other sentence that the defendant has or may have in the future, during the time of this sentence." Such a statement is of no legal effect, and does not make the appellant's sentence in this case cumulative of any other named or described sentence, and of course can have no effect to accumulate this sentence with any other which might thereafter be entered upon any other conviction of the appellant. The sentence will be reformed so as to direct appellant's imprisonment in the penitentiary for not less than five nor more than seventeen years, and that he be remanded to jail, etc. That part of the sentence above quoted will be stricken out.

The judgment will be affirmed with the sentence reformed as above stated.

*Judgment affirmed and sentence reformed.*